# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| CARLA DUKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:17-cv-01169-JDB-egb |
| ) | |
| OWENS CORNING SALES, INC. ) | |
| ) | |
| Defendant. ) | |

## STANDARD TRACK SCHEDULING ORDER

Pursuant to Local Rule 16.2, a scheduling conference was held on December 14, 2017. Present were Matthew E. Wright, counsel for plaintiff, and Thomas L. Henderson, counsel for defendant. Prior to the scheduling conference, on November 22, 2017, the parties met and conferred in compliance with Federal Rule of Civil Procedure 26(f). The following dates are established as the final deadlines for:

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**: December 28, 2017

**MOTIONS TO JOIN PARTIES**: February 5, 2018

**MOTIONS TO AMEND PLEADINGS**: February 5, 2018

**MOTIONS TO DISMISS**: March 5, 2018

**ALTERNATIVE DISPUTE RESOLUTION:**

    (a) **ADR DEADLINE PURSUANT TO ADR PLAN RULE 4.3(a):** February 27, 2018

    (b) **SELECTION OF MEDIATOR PURSUANT TO ADR PLAN RULE 5.4(c)**[1]:

        **Mediator's Name: Michael Russell (Waller Lansden Dortch & Davis, LLP)**

---

[1] In the event that Plaintiff is *pro se* and proceeding IFP, the mediator must be selected from the Court's Mediation Panel. *Pro Se* IFP Mediation Plan 6.

**Stipulation Filing Date:** December 14, 2017

**COMPLETING ALL DISCOVERY**:  July 2, 2018

    (a)  **WRITTEN DISCOVERY**:  June 1, 2018

    (b) **DEPOSITIONS**:  July 2, 2018

**EXPERT WITNESS DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(2)**:

    (a) **DISCLOSURE OF PLAINTIFF'S (OR PARTY WITH BURDEN OF PROOF) RULE 26(a)(2) EXPERT INFORMATION**:  May 3, 2018

    (b) **DISCLOSURE OF DEFENDANT'S (OR OPPOSING PARTY) RULE 26(a)(2) EXPERT INFORMATION**:  June 1, 2018

    (c) **EXPERT WITNESS DEPOSITIONS**:  July 2, 2018

**MOTIONS TO EXCLUDE EXPERTS UNDER F.R.E. 702/DAUBERT MOTIONS**: July 17, 2018

**SUPPLEMENTATION UNDER RULE 26(e)(1)**:  July 2, 2018

**FILING DISPOSITIVE MOTIONS**:  August 1, 2018

**OTHER RELEVANT MATTERS**:

    As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and have reached an agreement regarding e-discovery and hereby submit the parties' e-discovery plan for the Court's approval:

    Counsel have advised their clients to preserve all relevant ESI.  ESI will be produced in paper or .pdf format.  The parties do not anticipate seeking ESI that is not reasonably available.  However, if the requesting party intends to seek discovery of ESI from sources identified as not reasonably accessible, the parties will discuss: (1) the burdens and costs of accessing and retrieving the information; (2) the needs that may establish good cause for requiring production of all or part of the information, even if the information sought is not reasonably accessible; and (3) conditions on obtaining and producing this information.

    If a producing party inadvertently or mistakenly produces information, documents or tangible items that should have been withheld on the basis of privilege or work product protection, such production shall not prejudice such claim or otherwise constitute a waiver of any claim of attorney-client privilege or work product immunity, provided that the producing party makes a good-faith representation that such production was inadvertent or mistaken and takes prompt remedial action to withdraw the disclosure

upon its discovery. Within three (3) business days of receiving a written request to do so from the producing party, the receiving party shall return any documents or tangible items that the producing party represents are covered by a claim of attorney-client privilege or work product immunity and were inadvertently or mistakenly produced.

The receiving party shall also destroy all copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information; provided, however, that the party returning such information is not precluded from moving to compel production of the returned information on a basis other than a waiver because of its inadvertent production. The producing party shall retain copies of all returned documents and tangible items for further disposition. The parties request that this agreement be included in the scheduling order.

Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

No depositions may be scheduled to occur after the discovery deadline. All discovery requests or other discovery-related filings that require a response must be filed sufficiently in advance of the discovery deadline to enable the opposing party to respond by the time permitted by the Rules prior to that date.

Motions to compel discovery are to be filed and served within 45days of the default or service of the response, answer, or objection that is the subject of the motion. However, if such default or service occurs within 30 days before the discovery deadline, the motion to compel must be filed within 30 days after such default or service

This case is set for a **jury** trial. The pretrial order deadline, pretrial conference date, and trial date will be set by separate Order. The parties anticipate the trial will last approximately **three (3) days.**

The parties are ordered to engage in ADR by the ADR deadline. Pursuant to Local Rule 16.3(d), within 7 days of completion of ADR, the parties shall file a notice confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56. As provided by Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required within seven days of service of the response. Pursuant to Local Rules 12.1(c) and 56.1(c), a party moving for summary judgment or to dismiss may file a reply within 14 days after being served with the response in opposition to the motion.

The parties do not consent to trial before the Magistrate Judge.

This order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.

IT IS SO ORDERED this 14th day of December, 2017.

**s/Edward G. Bryant**
UNITED STATES MAGISTRATE JUDGE